Jacob Chen, Esq.
DGW Kramer LLP
One Rockefeller Plaza, 1060
New York, NY 10020
Telephone: 917-633-6860
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SHANGHAI TANIDA GARMENTS CO., LTD.

                                        Plaintiff,

                              -against-

MAJOR LABEL GROUP, LLC

                                      Defendant.
-----------------------------------------------------------------------x

Civil Action No.:
1:22-cv-188

**COMPLAINT**

       Plaintiff Shanghai Tanida Garments Co., Ltd. ("Plaintiff"), by and through their attorneys, DGW Kramer LLP hereby file this complaint as to and against Defendant Major Label Group LLC ("MLG") as follows:

## INTRODUCTION

       1.     The instant action arises from failure by MLG to pay a series of outstanding invoices for the purchase of goods from Plaintiff, owed by virtue of a *de facto* merger by and between MLG and Fashion Avenue Knits, Inc.

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(3), as the amount in controversy exceeds $75,000 and this is a suit between a foreign company located in the People's Republic of China against a New York limited liability company.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b) because MLG is headquartered in this jurisdiction and the acts giving rise to the claims herein took place in this jurisdiction.

## PARTIES

4. Plaintiff is a Chinese company located in Shanghai in the People's Republic of China.

5. MLG is a limited liability company organized and existing under the State of New York, operating at 530 7th Avenue, 3rd Floor, New York, NY 10018.

## THE FACTS GIVING RISE TO THIS ACTION

6. Plaintiff is a manufacturer of high quality apparel and garments.

7. From late 2019 to early 2020, Plaintiff received multiple purchase order requests from Fashion Avenue Knits Inc. ("Fashion Avenue"), for a variety of different cotton, polyester and other material based sweaters.

8. However Fashion Avenue was not able to make payments on the orders placed.

9. Altogether, there remain 12 outstanding purchase orders comprising of a total balance of $458,518.07.

10. All these purchase orders were fulfilled and the goods shipped.

11. In the summer of 2020, Mr. Michael Weiss, one of the principals of Fashion Avenue advised Plaintiff that Fashion Avenue was going to be merged into MLG.

12. Prior to summer of 2020, MLG did not exist.

13. MLG was formed with the intent of absorbing and continuing the operations of Fashion Avenue.

14. Fashion Avenue had two major principals: Michael Weiss and Laura Amodeo.

15. Following the de facto merger, Michael Weiss was made the President and principal of MLG.

16. Laura Amodeo was made a principal and partner of RDG Global LLC ("RDG"), the largest member of MLG.

17. Thus, there was a continuity of ownership by and between Fashion Avenue and MLG.

18. During the de facto merger, all of the operational assets owned by Fashion Avenue were transferred over to MLG following the de facto merger.

19. This includes all the goods sold to Fashion Avenue by Plaintiffs.

20. Fashion Avenue ceased doing business following the merger.

21. Following the merger, it was left with no employees, management, or assets.

22. Following the merger, MLG assumed some of the liabilities of Fashion Avenue.

23. The reason for the assumption was to ensure an uninterrupted continuation of business.

24. Included in these liabilities are certain outstanding purchase orders that were placed by Fashion Avenue with plaintiff which had not yet been fulfilled at the time. Following the assumption of liabilities Plaintiff fulfilled them which assisted MLG with the uninterrupted continuation of business. None of those purchase orders are the subject of this action.

25. There were also other companies with outstanding unfulfilled purchase orders that were placed by Fashion Avenue which MLG assumed the liabilities of in order to ensure uninterrupted continuation of business.

26. Following the merger, in addition to continuity of ownership, there was also a continuity of management in the form of Michael Weiss.

27. Michael Weiss who had managed the operations of Fashion Avenue stayed on as President of MLG and continued to manage the operations of MLG as he had managed the operations of Fashion Avenue.

28. There was also a continuity of personnel as all of the major employees who formerly worked for Fashion Avenue were thereafter brought into MLG.

29. There were other indicia of continuity as MLG publicly held itself out to be MLG "formerly known as Fashion Avenue."

30. Nearly all the employees of MLG identified MLG publicly as "formerly known as Fashion Avenue."

31. Likewise the Chairman and CEO of RDG made a public post in which he also identified MLG as "formerly Fashion Avenue."

32. By identifying as "formerly known as Fashion Avenue", MLG was able to establish a continuity of general business operations, assuring vendors and customers that business would go on as usual and they should simply treat the situation as a name change.

33. MLG operated the exact same business as Fashion Avenue.

34. MLG continued buying the same products from the same vendors as Fashion Avenue and continued selling the same products to the same customers as Fashion Avenue.

35. Lastly, in addition to all physical assets such as inventory, MLG also acquired the intangible assets of Fashion Avenue.

36. These intangible assets include all of Fashion Avenue's trademarks and brands and the good will associated with them including the marks "33 Degrees," "Blizzard Bay", "Jolly Sweaters", "ISELA" and "Tribekka44".

37. It also included the intangible good will associated with Fashion Avenue generally,

i.e. vendor relationships and customer lists, and the good will associated with the principals of Fashion Avenue like Michael Weiss and Laura Amodeo.

38. This included the existing relationships by and between Fashion Avenue and major large retail customers such as Walmart, Target, Amazon, Sam's Club, Kohl's and Stitch Fix.

39. Following the de facto merger of Fashion Avenue and MLG, MLG was able to seamlessly begin its operations, identifying itself as "Major Label Group, formerly known as Fashion Avenue."

40. MLG was able to make very significant profits during just their first six months to the benefit of itself, RDG, Michael Weiss, and Laura Amodeo.

41. However despite the de facto merger of MLG and RDG, and all the benefits received by MLG as to and arising from the de facto merger, MLG has refused to recognize or make good the outstanding obligations that were owed by Fashion Avenue to Plaintiff.

42. As of the present date, the outstanding invoices of Fashion Avenue and by virtue of a de factor merger MLG, are $458,518.07.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

43. Plaintiff repeats and realleges each and every allegation as set forth in above.

44. Plaintiff and Fashion Avenue entered into a written contract with respect to the purchase of goods. Plaintiff performed under the contracts through the delivery of the goods in question.

45. Fashion Avenue defaulted with respect to the making of agreed upon payments.

46. Fashion Avenue was de facto merged into MLG.

47. There is continuity of ownership between MLG and Fashion Avenue as the owners of Fashion Avenue continued to own interest in MLG either directly or indirectly through RDG.

48. Fashion Avenue ceased doing business following the merger into MLG.

49. MLG assumed multiple liabilities of Fashion Avenue which was necessary for uninterrupted continuation of Fashion Avenue's business following the merger.

50. There is continuity of management as Michael Weiss who was the CEO of Fashion Avenue became the President of MLG.

51. There was continuity of personnel as the employees of Fashion Avenue became employees of MLG.

52. There was continuity of general business operations and in fact MLG held itself out publicly as MLG "formerly known as Fashion Avenue."

53. There was further continuity of general business operations because MLG operated the same business as Fashion Avenue, buying the same products from the same vendors and selling the same products to the same customers as Fashion Avenue.

54. Lastly, in addition to all physical assets such as inventory, in the de facto merger, MLG also acquired the intangible assets of Fashion Avenue including all the good will and intellectual property of Fashion Avenue.

55. Wherefore, Plaintiff demands judgment in the amount of $458,518.07 plus prejudgment interest and costs against MLG.

**WHEREFORE** Plaintiff demands judgment as follows:

(a) on the first cause of action in the amount of $458,518.07 against Major Label Group, LLC, along with prejudgment interest and costs;

(b) and for such other and further relief as the court deems just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       January 10, 2022                          Respectfully submitted,
                                                         DGW Kramer LLP

                                                         By:     <u>/s/ Jacob Chen</u>
                                                         Jacob Chen, Esq.
                                                         Attorneys for Plaintiff
                                                         One Rockefeller Plaza, 1060
                                                         New York, NY 10020
                                                         Telephone: 917-633-6860
                                                         E-mail: <u>jchen@dgwllp.com</u>